UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
ARSHPREET SINGH,

                                                            Plaintiff,                  Docket No.: 20-CV-2072

           -against-

                                                        **AMENDED COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS VINCENT SANELLI,
CHRISTOPHER HUGHES, SEAN LEACH, MICHAEL          Jury Trial Demanded
RUSSO AND NEIL DUGGAN,

                                            Defendants.
------------------------------------------------------------------------------X

        Plaintiff, by his attorney, MALLILO & GROSSMAN, complaining of the Defendants herein, respectfully and alleges as follows:

## JURISDICTION

        1.      Jurisdiction is founded upon the existence of a Federal Question.

        2.      This is an action to redress the deprivation and violation, under color of statute, ordinance, regulation, custom or usage, of Plaintiff's constitutional and civil rights, privilege, and immunity secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the rights secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the rights secured under the Constitution of the State of New York, Article I, Sections 11 and 12, and the common law of the State of New York.

        3.      Jurisdiction is founded upon 28 U.S.C. Sections §1331, §1343 (3) and 1343(4), this actions seeks redress for the violations of Plaintiff's constitutional and civil rights

        4.      Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate all constitutional and pendant state law claims, pursuant to 28 U.S.C. §1367, as said claims form part

1

of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b) and (c), because the Plaintiff resides within the Eastern District.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every claim.

## NOTICE OF CLAIM

7. Notice of the Plaintiff's claims, the nature of the claims, the date and time of same, the place where, and the manner in which the claims arose were duly served upon the Comptroller of the Defendants, City of New York and New York City Police Department on July 9, 2019.

8. That the Plaintiff has duly complied with the oral examination, pursuant to Section 50-h of the General Municipal Law.

9. That more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and said Defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action is commenced within one year and ninety days after the cause of action arose.

## PARTIES

11. That Plaintiff, ARSHPREET SINGH, is a citizens of the United States.

12. That Plaintiff resides in the County of Queens, City and State of New York.

13. At all times hereinafter mentioned Defendants, Vincent Sanelli, Christopher Hughes, Sean Leach, Michael Russo and Neil Duggan, were Police Officers employed by The City of New York, and were acting within the course and scope of their employment. They are sued in their individual and official capacities.

14. At all times hereinafter mentioned, and upon information and belief, the Defendant, THE CITY OF NEW YORK ("City"), was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The City of New York is authorized under the laws of the State of New York to maintain a police department, the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement. The City of New York operated, maintained and controlled the NYPD, and the Officers thereof, and assumes the risks incidental to the maintenance of a police force and the employment of police officers.

15. At all relevant times, the City of New York and its NYPD hired, employed, supervised, monitored and controlled the individual Defendant Police Officers.

16. At all relevant times, Defendants, Vincent Sanelli, Christopher Hughes, Sean Leach, Michael Russo and Neil Duggan, were on duty with the NYPD on May 22, 2019.

17. At all relevant times, Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City of New York and/or the NYPD in engaging in the unlawful conduct described herein.

18. At all relevant times herein, Defendants have acted for or on behalf of the City of New York and/or the NYPD, with the power and authority vested in them as officers, agents and employees of the City and/or NYPD, within the course and scope of their employment as Police Officers.

**STATEMENT OF FACTS**

19. On May 22, 2019, at approximately 9:30 p.m., while Plaintiff was lawfully and properly inside his home, located at 83-49 251st Street, Bellerose, County of Queens, City and State of New York, his father contacted 911 and requested aid for his son.

20. Plaintiff resides with his parents, Jatinda Kaur and Kulwant Singh, and his two siblings.

21. Police Officers and Emergency Medical Services responded to the premises.

22. When the Police Officers arrived, Plaintiff was in the prayer room on the 2nd floor of the premises.

22. The Police Officers and emergency medical personnel entered the premises and proceeded to the 2nd floor prayer room where Plaintiff was located.

23. Upon reaching the Plaintiff, the Police Officers requested that Plaintiff leave the prayer room and exit the premises.

24. Plaintiff responded by asking the Police Officers why he had to leave the prayer room and premises.

25. The Police Officers did not respond, and instead, Police Officers Vincent Sanelli, Christopher Hughes, Sean Leach, Michael Russo and Neil Duggan rushed toward Plaintiff punching and kicking Plaintiff in his stomach, legs, arms and face while trying to push Plaintiff to the ground in order to subdue him. Plaintiff's right eyebrow and above same were cut and bleeding.

26. When Plaintiff was face down on the floor of the prayer room, he felt some kind of equipment being pushed into the top of his head, and he was handcuffed behind his back. The attack lasted approximately four minutes.

27. Plaintiff continued his prayer while being attacked by the Police Officers. Members of Plaintiff's family yelled at the Police Officers to stop beating Plaintiff. Plaintiff did not commit any illegal crime or act prior to or during the attack, nor did Plaintiff resist in any manner.

28. Plaintiff described the Police Officers as approximately five, Caucasian males

wearing uniforms. Plaintiff also believed that there were more police officers outside of the door to the prayer room in the hallway.

29. Plaintiff, handcuffed behind his back, was then carried out of the prayer room and down the steps of his home, against his will, by the aforementioned Police Officers, and was put in an ambulance face down, where he was searched without his consent.

30. Plaintiff suffered physical and verbal abuse in his religious room in his home.

31. At all times herein, the Defendant Police Officers, acted with malice and in bad faith, as they had no probable cause or reasonable suspicion to exercise excessive force, seize, and/or detain the Plaintiff.

32. The conduct of the Defendant Officers in assaulting, battering, abusing, striking, restraining, seizing, handcuffing and threatening the Plaintiff proximately caused the Plaintiff to suffer physical, emotional and financial injury, as well as, serious physical and emotional pain and suffering, humiliation, debasement, embarrassment and a deprivation of Plaintiff's constitutional rights.

33. At all times relevant, the Defendant Police Officers acted intentionally, willfully, maliciously, negligently, with religious motivation and discrimination, and with reckless disregard for and deliberate indifference to Plaintiff's constitutional rights, safety, and physical and mental well being by unlawfully assaulting, battering, seizing, restraining and detaining the Plaintiff, thereby depriving Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

34. The actions of the individual Defendants, as set forth herein, were the result of the NYPD's failure to properly train, supervise, monitor, and discipline its officers, including the

Defendant Police Officers, which is a consequence of the deliberate policies and practices of the Defendants, City and NYPD. Such policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless, reckless and intentional acts of the individual Defendants.

35. At all relevant times herein, Defendant, City, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights, and the violation thereof.

36. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive the Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, thereby causing Plaintiff to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FIRST CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fifth and Fourteenth Amendments by the Defendants**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

38. The acts of the Defendants, under color of state law, in restraining, detaining, handcuffing, verbally abusing, and physically assaulting Plaintiff, were racially motivated based upon Plaintiff's religious beliefs and prayer, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did cause, serious bodily harm and injury, and pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

39. The Defendants, through their unlawful and discriminatory actions upon Plaintiff,

violated 42 U.S.C. §1983, which prohibits the deprivation of the rights, under color of state law, to liberty, due process and equal protection secured by the Constitution of the United States.

40. As a result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Fifth and Fourteenth Amendments, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

## SECOND CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Pursuant To 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments by the Defendants**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

42. The Defendants' unlawful conduct, while acting under color of state law, deprived the Plaintiff of his right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

43. The Defendants are liable for violation of 42 U.S.C. §1983 which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution.

44. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

## THIRD CAUSE OF ACTION
**Violation Of Plaintiff's Constitutional Rights, Via the Use of Excessive Force, Pursuant To 42 U.S.C. §1983, And The Fourth and Fourteenth Amendments by the Defendants**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

46. As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his right to be free from assault, battery and the use of excessive force as required by the Fourth and Fourteenth Amendments of the United States Constitution.

47. The Defendants are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution, in that they assaulted, battered and used excessive force against the Plaintiff without authority of the law, and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes, and without any legal justification for such conduct.

48. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his due process rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

## FOURTH CAUSE OF ACTION
**Monell Claim**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

50. At all relevant times, the Defendant, City, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices and/or customs exhibiting deliberate indifference to the Plaintiff's Constitutional rights, thereby causing the violation of such rights.

51. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

52. The Constitutional abuses and violations by the Defendant, City, through the actions

of the NYPD, and Defendants, the unidentified Police Officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, monitored, encouraged, and sanctioned by the Defendant, City, including its failure to: adequately, supervise and train its officers and agents, including the individual Defendant Officers; adequately discourage further constitutional violations on the part of its officers; to properly and adequately monitor and discipline its officers, including the individual Defendants; and properly and adequately investigate complaints of police misconduct, thereby tolerating and permitting and acquiescing in said acts.

53. The Defendant, City, acting thought its NYPD, has developed, implemented, enforced, encouraged and sanctioned a de fact policy, practice and/or custom of unlawfully assaulting, battering, using excessive force, detaining, seizing and restraining individuals, such as Plaintiff, without authority of the law, without any reasonable suspicion or probable cause, and without any legal justification for same.

54. Defendants' unlawful actions were done willfully, knowingly, maliciously and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

55. Defendants have acted with deliberate indifference to the Constitutional rights of the Plaintiff.

56. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered a violation of his rights under the Fourth and Fourteenth Amendments, and will continue to suffer damages, including physical and mental injury, pain, suffering and fear.

**FIFTH CAUSE OF ACTION**
**New York State Constitution, Article I, Section 11 – Equal Protection**

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

58. The Defendants' acts, under color of law, of verbal assault, physical battery and seizure of the Plaintiff by handcuffing and detaining Plaintiff were discriminatory, and were done without lawful justification for same, and were designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right to equal protection as guaranteed by the Constitution of the State of New York, Article I, Section 11.

59. As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

## SIXTH CAUSE OF ACTION
**New York State Constitution Article I, Section 12 – Search & Seizure and Excessive Force**

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

61. Acting under the color of law, the Defendants subjected Plaintiff to an unlawful search of seizure of his person, and excessive force by committing a physical assault and battery upon Plaintiff, without lawful justification for same, and were designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right as guaranteed by the Constitution of the State of New York, Article I, Section 12.

62. As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New

York, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

## SEVENTH CAUSE OF ACTION
**New York State Tort Claim Intentional Infliction Of Emotional Distress**

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

64.     The unlawful acts of verbal assault, physically battery, seizure of Plaintiff's person by handcuffs, and the use of excessive force, committed by the Defendants so transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, thereby causing Plaintiff to suffer humiliation, degradation, and embarrassment, and to experience severe physical and mental harm.

65.     As a proximate result of the Defendants' unlawful and discriminatory actions, Plaintiff has been damaged in that he has suffered an intentional infliction of emotional distress.

## EIGHTH CAUSE OF ACTION
**Intentional Tort - Battery**

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

67.     The acts of Defendants constituted an intentional battery of the Plaintiff, in that the Defendants hit, kicked, punched and handcuffed Plaintiff about his head and body.

68.     The Defendants acted under color of law, without lawful justification and without the authority of the law, in that the touching of the Plaintiff was harmful, uncontested, unprovoked and unjustified, and violated Plaintiff's rights under the laws the Constitution of the

State of New York

69. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered Physical and mental injury, pain and suffering, and fear, and has otherwise been damaged.

70. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## NINTH CAUSE OF ACTION
### Intentional Tort - Assault

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

72. The acts of Defendants constituted an intentional assault upon the Plaintiff, causing him to be in apprehension of an immediate physical harm, which battery was then inflicted upon Plaintiff violating Plaintiff's rights under the laws the Constitution of the State of New York.

73. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered Physical and mental injury, pain and suffering, and fear, and has otherwise been damaged.

74. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## TENTH CAUSE OF ACTION
### Tort Claim - Negligence

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

76. The Defendants were negligent, careless, reckless and deliberately indifferent in that each failed to properly supervise and monitor the Police Officers who assaulted and battered the

Plaintiff to prevent such conduct and acts from occurring.

77. The Defendants were negligent, careless, reckless and deliberately indifferent in that they failed to provide adequate security to Plaintiff who was in Defendants, care, custody and control at the time of assault and battery by Defendants.

78. That the aforesaid occurrences and resulting injuries to the Plaintiff were caused wholly and solely by the negligence of the Defendants, their agents, servants and employees, without any negligence on the part of the Plaintiff.

79. As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered Physical and mental injury, pain and suffering, and fear, and has otherwise been damaged.

## ELEVENTH CAUSE OF ACTION
### Tort Claim - Negligent Hiring And Retention

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

81. The Defendants, City and NYPD, and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in hiring, retaining, properly training, monitoring, supervising and sanctioning the Defendants Police Officers, in that said Defendants lacked the experience, deportment and ability to be employed by the NYPD; in that the Defendants failed to: exercise due care and caution in their hiring practices, and in particular, in hiring the Defendant Officers, who lacked the mental capacity and the ability to function as employees of the NYPD; investigate the above-named Defendants' background; train Defendants in the proper criteria to control their tempers and exercise the proper deportment and temperament; use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their

department.

82. As a proximate result of the Defendants' negligence, Plaintiff has been damaged, and will continue to suffer damages including physical and mental injury, pain, suffering and fear.

### TWELVTH CAUSE OF ACTION
#### Respondent Superior

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully set forth herein.

84. The conduct of the Defendants occurred while on duty and in uniform, in and during the course and scope of their employment, while acting as agents and employees of the Defendants, City and NYPD.

85. Therefore, Defendant, City, is liable to the Plaintiff pursuant to the doctrine of Respondent Superior.

**WHEREFORE**, plaintiff demands judgment against the Defendants, as follows:

a. A declaration that Defendants' conduct violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the New York State Constitution;

b. An award of damages for pain and suffering in the amount of Five Million ($5,000,000.00) for each aforementioned Cause of Action;

c. An award of punitive damages;

d. An award of attorneys' fees pursuant to 42 U.S.C. §1988;

e. An award of costs of suit pursuant to 42 U.S.C. §1920 and 1988; and

f. An award of such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Flushing, New York
       August 25, 2020

                              MALLILO & GROSSMAN

                              By:_____
                                  JESSICA KRONRAD, ESQ.
                              Attorney for Plaintiff
                              163-09 Northern Boulevard
                              Flushing, New York
                              (718) 406-8156
                              jkronrad@mgatty.com